UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| Kristen Frost,<br><br>　　　　　　　Plaintiff,<br>v.<br>Medicredit, Inc.,<br><br>　　　　　　　Defendant. | Civil Action No.: 3:17-cv-107<br><br><br>**COMPLAINT**<br>**JURY** |

For this Complaint, Plaintiff, Kristen Frost, by undersigned counsel, states as follows:

## JURISDICTION

1.　This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.　Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.　Plaintiff, Kristen Frost ("Plaintiff"), is an adult individual residing in La Marque, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.　Defendant, Medicredit, Inc. ("Medicredit"), is a Missouri business entity with an address of 3620 Interstate 70 Drive SE, Columbia, Missouri, 65201-6582, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

5.     Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

6.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

7.     The Debt was purchased, assigned or transferred to Medicredit for collection, or Medicredit was employed by the Creditor to collect the Debt.

8.     Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.**     **Engages in Harassment and Abusive Tactics**

9.     In or around November 2016, Medicredit called Plaintiff's place of employment in an attempt to collect the Debt.

10.     Medicredit spoke with Plaintiff's coworker.  Plaintiff's coworker informed Medicredit that Plaintiff was not allowed to accept personal calls at work.

11.     Nevertheless, Medicredit continued to call Plaintiff's place of employment in an attempt to collect the Debt.

**C.**     **Plaintiff Suffered Actual Damages**

12.     Plaintiff has suffered and continues to suffer actual damages as a result of Defendant's unlawful conduct.

13.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *et seq.*

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant contacted Plaintiff at her place of employment, despite knowing that Plaintiff could not take such calls.

16. Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

17. Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant called Plaintiff's place of employment with the intent to annoy and harass Plaintiff.

18. Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect the Debt.

19. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

20. Plaintiff is entitled to damages as a result of Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant; and
4. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: April 5, 2017

                                      Respectfully submitted,

                                      By:   /s/ Jenny DeFrancisco

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
A Connecticut Law Firm
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

4